IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01117-BNB

DAWN M. HENSON,

    Plaintiff,

v.

SOCIAL SECURITY ADMIN.,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Dawn Henson, has filed a Complaint *pro se*. The Court must construe the Complaint liberally because Ms. Henson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Henson will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    First, Ms. Henson names an improper Defendant. It is apparent that Ms. Henson seeks judicial review of a final decision denying her administrative claim for Social Security disability benefits. As a result, the appropriate Defendant in this action is the Commissioner of Social Security and not the Social Security Administration. *See* 20 C.F.R. § 422.210(d).

    The Court also finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Henson fails to provide a short and plain statement of her claims showing that she is entitled to relief. In particular, Ms. Henson fails to allege the reason her administrative claim was denied and why she believes that decision was erroneous. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Ms. Henson will be ordered to file an amended complaint if she wishes to pursue her claims. If available, Ms. Henson should attach to her amended complaint a copy of the administrative law judge's decision

denying her claim.

The instant action will be dismissed without prejudice if Ms. Henson fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure.  However, Ms. Henson is warned that, even if the action is dismissed without prejudice, the dismissal may bar recovery if the time for filing an action seeking review of the denial of Social Security benefits expires.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Ms. Henson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Henson shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Henson fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED April 22, 2014, at Denver, Colorado.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge